CLEVELAND BAR ASSOCIATION *v.* COX.

[Cite as *Cleveland Bar Assn. v. Cox* (1998), 83 Ohio St.3d 218.]

(No. 97–2667—Submitted May 13, 1998—Decided September 23, 1998.)

*Thomas P. Meaney, Jr.*, and *Robert Lustig*, for relator.

*Roosevelt Cox, pro se.*

---

***Per Curiam.*** We first take judicial notice that respondent was suspended from the practice of law in Ohio on August 11, 1995 for failure to meet his continuing legal education obligations and remains suspended on this date. *In re Report of the Comm. on Continuing Legal Edn.* (1995), 74 Ohio St.3d 1428, 1429, 655 N.E.2d 1312, 1314.

Having reviewed the record, we adopt the findings of fact of the board. We adopt also its conclusions with respect to counts one, three, four, seven, and twelve. We agree with the board that counts two, six, eight, and thirteen should be dismissed.

The board found in counts five, nine, ten, fourteen, fifteen, and sixteen that respondent's conduct violated Gov.Bar R. IV(1). This rule states, "The Code of Professional Responsibility as adopted by this Court on October 5, 1970, and set forth in 23 Ohio State 2d Reports, as amended, shall be binding upon all persons admitted to the practice of law in Ohio. The willful breach of the Code shall be punished by reprimand, suspension, disbarment, or probation as provided by Gov.Bar R. V." This rule does not specify any standards of conduct that are to be observed by lawyers with respect to the public, the legal system, or the legal profession. Instead, this rule merely declares the binding nature of the Code of

Professional Responsibility and the sanctions that may be imposed for its willful breach.

Therefore, to the extent that the board found that respondent's conduct violated this rule, the board's conclusions are vague and fail to inform respondent of the nature of the charges against him. We adopt the conclusions of the board in counts nine, ten, fourteen, fifteen, and sixteen insofar as they do not rely on Gov.Bar R. IV(1). The board's conclusion in count five relying as it does solely upon this rule, count five is dismissed. Likewise, we dismiss the board's conclusion in count eleven for lack of specificity.

Nevertheless, the facts which do remain and the conclusions which the board has drawn from them are sufficient for us to find that respondent has engaged in a series of actions that demonstrate contempt for his clients and for the bar. We find that respondent should no longer be included on the roll of those permitted to practice law in Ohio. Respondent is therefore permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.