[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 218.]

CLEVELAND BAR ASSOCIATION *v.* COX.

[Cite as *Cleveland Bar Assn. v. Cox*, 1998-Ohio-429]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in a series of actions that demonstrate contempt for clients and for the bar.*

(No. 97-2667—Submitted May 13, 1998—Decided September 23, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-55.

_____

{¶ 1} On December 9, 1996, relator, Cleveland Bar Association, filed a sixteen-count amended complaint charging respondent, Roosevelt Cox of Cleveland, Ohio, Attorney Registration No. 0034112, with the violation of several Disciplinary Rules. After receiving two extensions, respondent filed an answer, and a panel of the Board of Commissioners on Grievances and Discipline ("board") held a hearing on July 10, 1997. The respondent appeared *pro se* at the hearing, his counsel having resigned after respondent failed to appear at an earlier scheduled deposition, and then failed to appear at the continuation of the hearing in October 1997.

{¶ 2} The panel found with respect to count one of the complaint that Charlotte Glaude employed respondent to file a motion for shock probation for her son, Nicholas. Respondent received a fee of $4,500 from Glaude and filed two motions less than six months after Nicholas had been incarcerated. The court dismissed both motions. The panel concluded that respondent's actions violated DR 2-106(A) (charging a clearly excessive fee) and 6-101(A)(2) (handling a legal matter without preparation adequate under the circumstances).

{¶ 3} With respect to count two the panel found that Michelle Birinyi retained respondent in May 1992 to handle her workers' compensation claim, later

to represent her in a personal injury matter arising out of an automobile accident, and in August 1992 to represent her daughter, Kelly, in a personal injury claim. Respondent did not contact Birinyi regarding the claim and did not immediately return Birinyi's files when she discharged him. The panel concluded that respondent's actions and failure to act in the Birinyi matters violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 2-110(B)(4) (a lawyer shall withdraw from employment when discharged by a client), and 6-101(A)(3) (neglecting an entrusted legal matter).

{¶ 4} In considering count three, the panel found that after Peggy Mayo hired respondent on a contingent fee basis to represent her with respect to injuries sustained in an automobile accident, respondent sent a letter to the insurance company and took no further action even though the insurance company attempted to contact him regarding the claim. Mayo discharged respondent, but he refused to release himself, did not notify the insurance company that he had been discharged, and failed to return Mayo's files to her. The panel concluded that in his representation of Mayo, respondent violated DR 1-102(A)(5), 2-110(B)(4), and 6-101(A)(3).

{¶ 5} The facts found by the panel in count four were that Viola McKinney, who was in the automobile accident with Mayo, also contacted respondent requesting that he represent her. After their initial meeting, McKinney made several unsuccessful attempts to contact respondent. Finally, McKinney did contact respondent and discharged him. Respondent did not return the file, did not remove himself from the case, and demanded a portion of the settlement proceeds. The panel concluded that in the McKinney matter respondent violated DR 1-102(A)(5), 2-110(B)(4), and 6-101(A)(3).

{¶ 6} In addition, the panel found in count five that Roberta Nalls retained respondent in October 1990 to pursue a dental malpractice claim. Although Nalls was unsuccessful in her attempts to contact respondent after the initial meeting,

2

respondent's office personnel assured her that the case was proceeding. After Nalls discharged respondent in November 1993, she employed another attorney who told her that no lawsuit had been filed by respondent and that the statute of limitations period for her claim had expired. The panel concluded that respondent violated Gov.Bar R. IV(1) (willful breaches of the Code of Professional Responsibility shall be punished by an appropriate sanction).

{¶ 7} The panel found in count six that in March 1990, Dusty Olkowski retained respondent to represent her both in a personal injury matter and on an aggravated robbery charge. Respondent obtained a reduced charge of robbery and was to be paid from the proceeds of the personal injury case. However, respondent failed to file the personal injury suit within the statute of limitations period. Subsequently, Olkowski sued respondent for malpractice and obtained a judgment in the amount of $50,000, which remains unsatisfied. The panel reached no conclusions with respect to respondent's actions in the Olkowski matter.

{¶ 8} The facts found by the panel with respect to count seven were that in April 1991, respondent filed a personal injury case on behalf of Tony Johnson. The case was dismissed because respondent neglected to attend a pretrial. Respondent refiled the case, but it was dismissed two and one-half years later for want of prosecution. The panel concluded that respondent's conduct violated DR 6-101(A)(3) and 7-101(A)(2) (intentionally failing to carry out a contract of professional employment).

{¶ 9} The complaint made no charges in count eight.

{¶ 10} In considering count nine, the panel found that after Georgie Lapsley employed respondent to represent her in an action resulting from a motor vehicle accident, respondent told her that the trucking company involved refused to settle and that he would file suit on her behalf. Thereafter, Lapsley was unable to contact respondent. Respondent failed to file the lawsuit and the statute of limitations

period for the action expired. The panel concluded that in the Lapsley matter respondent violated DR 6-101(A)(3), 7-101(A)(2), and Gov.Bar R. IV(1).

{¶ 11} In count ten the panel found that Kenneth Hart hired respondent and paid him a retainer of $500 to represent him as executor of his grandmother's estate. Hart was unable to contact respondent for several weeks. Finally, respondent filed an application to probate the grandmother's will signed by someone other than Hart. The panel concluded that respondent violated DR 1-102(A)(6) (engaging in conduct that adversely reflects upon the lawyer's fitness to practice law) and Gov.Bar R. IV(1).

{¶ 12} The panel found in considering count eleven that respondent failed to register as an attorney with the Supreme Court, and concluded that he was in violation of the Rules for the Government of the Bar.

{¶ 13} It found in count twelve that Gwendolyn Johnson paid respondent $1,500, which, pursuant to a separation agreement, was to be used to pay marital debts presented by her husband. When her husband failed to present any bills within the allotted time, respondent failed to return the funds to Johnson although requested to do so. Johnson sued respondent in common pleas court and obtained a judgment, which respondent has refused to pay. The panel concluded that respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (6), as well as 9-102(B)(4) (failure to promptly deliver to the client property to which the client is entitled).

{¶ 14} The panel found in considering count thirteen that respondent received funds under an oral agreement to act as escrow agent. He was to return the funds to John Taylor, Myrna Taylor, and Pauline Dixon if a liquor license was not transferred. The panel made no conclusions on this count, which involved respondent's receipt of funds as an escrow agent.

{¶ 15} With respect to count fourteen the panel found that Tyra R. Williams engaged respondent to pursue a personal injury claim arising out of an automobile

accident. Respondent settled the claim and, in addition to his one-third fee, retained a portion of the settlement funds to pay medical expenses. However, respondent did not pay the medical expenses, and despite the requests of Williams did not provide her with a settlement statement. The panel concluded that respondent violated DR 1-102(A)(4) and (6), and 9-102(B)(4), as well as Gov.Bar R. IV(1).

{¶ 16} The panel found with respect to count fifteen that in May 1995, Sandra Martin paid respondent $200 to expunge the record of a felony case. Martin heard nothing from respondent after engaging him and has no information that any work was performed on her behalf. The panel concluded that in the Martin matter respondent violated DR 6-101(A)(3), 7-101(A)(2), and Gov.Bar R. IV(1).

{¶ 17} The panel finally found in considering count sixteen that Julia Garnett hired respondent to pursue a personal injury claim. Respondent settled the matter and retained funds from the settlement to pay the medical bills. Respondent paid some bills, but not others, and failed to provide Garnett with a settlement statement. The panel concluded that respondent violated DR 1-102(A)(4) and (6), and 9-102(B)(4), as well as Gov.Bar R. IV(1).

{¶ 18} The panel noted that respondent was previously reprimanded in 1984 and recommended that for these recent infractions he be indefinitely suspended from the practice of law in Ohio. The board adopted the findings of the panel. It dismissed counts two, six, eight, and thirteen because relator did not establish them by clear and convincing evidence. It adopted the remaining conclusions and the recommendation of the panel.

_____

*Thomas P. Meaney, Jr.*, and *Robert Lustig*, for relator.

*Roosevelt Cox, pro se.*

_____

***Per Curiam.***

**{¶ 19}** We first take judicial notice that respondent was suspended from the practice of law in Ohio on August 11, 1995 for failure to meet his continuing legal education obligations and remains suspended on this date. *In re Report of the Comm. on Continuing Legal Edn.* (1995), 74 Ohio St.3d 1428, 1429, 655 N.E.2d 1312, 1314.

**{¶ 20}** Having reviewed the record, we adopt the findings of fact of the board. We adopt also its conclusions with respect to counts one, three, four, seven, and twelve. We agree with the board that counts two, six, eight, and thirteen should be dismissed.

**{¶ 21}** The board found in counts five, nine, ten, fourteen, fifteen, and sixteen that respondent's conduct violated Gov.Bar R. IV(1). This rule states, "The Code of Professional Responsibility as adopted by this Court on October 5, 1970, and set forth in 23 Ohio State 2d Reports, as amended, shall be binding upon all persons admitted to the practice of law in Ohio. The willful breach of the Code shall be punished by reprimand, suspension, disbarment, or probation as provided by Gov.Bar R. V." This rule does not specify any standards of conduct that are to be observed by lawyers with respect to the public, the legal system, or the legal profession. Instead, this rule merely declares the binding nature of the Code of Professional Responsibility and the sanctions that may be imposed for its willful breach.

**{¶ 22}** Therefore, to the extent that the board found that respondent's conduct violated this rule, the board's conclusions are vague and fail to inform respondent of the nature of the charges against him. We adopt the conclusions of the board in counts nine, ten, fourteen, fifteen, and sixteen insofar as they do not rely on Gov.Bar R. IV(1). The board's conclusion in count five relying as it does solely upon this rule, count five is dismissed. Likewise, we dismiss the board's conclusion in count eleven for lack of specificity.

{¶ 23} Nevertheless, the facts which do remain and the conclusions which the board has drawn from them are sufficient for us to find that respondent has engaged in a series of actions that demonstrate contempt for his clients and for the bar. We find that respondent should no longer be included on the roll of those permitted to practice law in Ohio. Respondent is therefore permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.

———————————